| | |
|---|---|
| 1 | VILLARREAL HUTNER PC |
|   | LARA VILLARREAL HUTNER, ESQ., Cal. Bar No. 178639 |
| 2 | E-Mail: lhutner@vhattorneys.com |
|   | NANCY S . PAIK, ESQ., Cal. Bar No. 230654 |
| 3 | E-Mail: npaik@vhattorneys.com |
|   | One Market Street, 35th Floor |
| 4 | San Francisco, California  94105 |
|   | Telephone: 415.543.4200 |
| 5 | Facsimile: 415.293.85173 |
| 6 | Attorneys for Defendant |
|   | AMPCO SYSTEM PARKING |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| EMMANUEL P. CASTILLO, an individual, | CASE NO. CV 07-05629 SI |
| Plaintiff, | **AMPCO SYSTEM PARKING'S ANSWER TO PLAINTIFF'S COMPLAINT** |
| v. | |
| AMPCO SYSTEM PARKING, | Complaint Filed:    November 6, 2007 |
| Defendant. | |

Defendant AMPCO SYSTEM PARKING ("AMPCO") hereby answers the Complaint filed by Plaintiff Emmanuel P. Castillo ("Plaintiff") in the United States District Court, Northern District of California, San Francisco Division, Case No. CV 07-05629 SI, as follows:

1. AMPCO lacks sufficient information regarding each and every allegation in paragraph 1, and on that basis denies them.

2. AMPCO admits that it has an office location at the address listed in paragraph 2.

3. The first allegation contained in paragraph 3 is a legal conclusion and contains no factual allegations requiring admissions or denials by AMPCO. AMPCO admits that jurisdiction is conferred on this Court by 42 U.S.C. Section 2000e-5. The remaining allegation in paragraph 3 is a legal conclusion and contains no factual allegations requiring admissions or denials by AMPCO.

4. AMPCO denies that any discriminatory conduct or any other unlawful conduct occurred.

5. AMPCO denies each and every allegation contained in paragraph 5.

6. AMPCO denies each and every allegation contained in paragraph 6.

7. AMPCO denies each and every allegation contained in paragraph 7.

8. AMPCO admits the allegation in paragraph 8 that Plaintiff filed a charge with the Equal Employment Opportunity Commission. AMPCO lacks sufficient knowledge and information as to the remainder of Plaintiff's allegations, and on that basis denies them.

9. AMPCO admits that the Equal Employment Opportunity Commission issued a Notice-of-Right-to-Sue letter. AMPCO lacks sufficient knowledge and information as to the remainder of Plaintiff's allegations, and on that basis denies them.

10. Paragraph 10 contains no factual allegations requiring admissions or denials by AMPCO.

11. Paragraph 11 contains no factual allegations requiring admissions or denials by AMPCO.

## AFFIRMATIVE DEFENSES

Due to Plaintiff's failure to delineate separate causes of action in his Complaint, AMPCO's affirmative defenses below apply to the entirety of Plaintiff's Complaint, and each and every claim contained therein.

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

1. Plaintiff's Complaint, and each and every claim contained therein, fails to state facts sufficient to constitute any cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

**(Statutes of Limitation)**

2. Plaintiff's Complaint, and each and every claim, is barred, in whole or in part, by applicable statutes of limitation, including without limitation the provisions of 42 U.S.C. Sections 2000e-5, California Code of Civil Procedure Sections 312, 335, 337, 338, 339, 340, and 343, and their subdivisions, and California Government Code Sections 12960, and each of them.

### THIRD AFFIRMATIVE DEFENSE

**(Unclean Hands, Laches, Estoppel, and Waiver)**

3. Plaintiff's Complaint, and each and every claim, is barred by the doctrines of unclean hands, laches, estoppel, and/or waiver.

### FOURTH AFFIRMATIVE DEFENSE

**(Lack of Knowledge)**

4. AMPCO asserts that it had no knowledge of any alleged discrimination, harassment, or other claims alleged by Plaintiff.

### FIFTH AFFIRMATIVE DEFENSE

**(Damages)**

5. Plaintiff has not suffered any damages as a result of any actions taken by AMPCO and Plaintiff is thus barred from asserting any cause of action against AMPCO.

### SIXTH AFFIRMATIVE DEFENSE

**(Performance of Duties)**

6. Plaintiff's Complaint, and each and every claim, is barred in whole or in part because AMPCO has fully performed any and all statutory and other duties owed to Plaintiff, and therefore, Plaintiff is estopped to assert any causes of action against AMPCO.

### SEVENTH AFFIRMATIVE DEFENSE

**(Consent)**

7. Plaintiff's Complaint, and each and every claim, is barred in whole or in part, because of Plaintiff's ratification, agreement, acquiescence, or consent to AMPCO's alleged conduct.

### EIGHTH AFFIRMATIVE DEFENSE

**(Failure to Exhaust Administrative Remedies)**

8. Plaintiff's claims arising under the 42 U.S.C. Sections 2000e-5(e)(1) and California Government Code Sections 12960 and 12965(b), are barred in whole or in part because he failed to exhaust his administrative remedies.

**NINTH AFFIRMATIVE DEFENSE**

**(Reasonable Care)**

9. Plaintiff's Complaint, and each and every claim, is barred in whole or in part because AMPCO exercised reasonable care to prevent and/or promptly correct harassment or other discrimination, if any.

**TENTH AFFIRMATIVE DEFENSE**

**(Conformity with Existing Law)**

10. Plaintiff's Complaint, and each and every claim, is barred in whole or in part because AMPCO's actions and practices, alleged or actual, were in conformity with common and statutory law, governmental regulations, and industry standards existing at all times alleged in the Complaint.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Not Unlawful)**

11. Plaintiff's Complaint, and each and every claim, is barred in whole or in part because all conduct toward Plaintiff was undertaken by reason of business necessity and/or lawful business reasons, and therefore AMPCO's actions are not, and were not, "unlawful."

**TWELFTH AFFIRMATIVE DEFENSE**

**(Same Decision Made Even in Absence of Alleged Discrimination)**

12. Plaintiff's Complaint, and each and every claim, is barred in whole or in part because AMPCO would have made the same decision which affected the terms or conditions of Plaintiff's employment even in the absence of any alleged discrimination or other alleged conduct.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Preemption under the Labor Management Relations Act)**

13. Plaintiff's Complaint, and each and every claim, is barred in whole or in part because the terms and conditions of Plaintiff's employment were subject to a collective bargaining agreement between AMPCO and Plaintiff's local union. As such, AMPCO alleges that any claims relating to the terms and conditions of employment and tort claims are preempted by

the Labor Management Relations Act Section 301, 29 U.S.C. Section 185(a), and Plaintiff's failure to exhaust his contract remedies bars this action.

### FOURTEENTH AFFIRMATIVE DEFENSE
### (Good Cause)

14. Plaintiff's Complaint, and each and every claim, is barred in whole or in part because all acts of AMPCO affecting the terms and/or conditions of Plaintiff's employment were done with good cause.

### FIFTEENTH AFFIRMATIVE DEFENSE
### (Failure to Take Advantage of Preventive or Corrective Opportunities)

15. Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by AMPCO to avoid the alleged harm, if any.

### SIXTEENTH AFFIRMATIVE DEFENSE
### (Cal. Labor Code § 3600)

16. As this action arises from an employment relationship, any emotional distress or mental anguish Plaintiff allegedly suffered is barred by the exclusive remedy provided by California Labor Code section 3600, *et seq.*, and cannot be compensated for in this present action.

### SEVENTEENTH AFFIRMATIVE DEFENSE
### (Cal. Labor Code § 3200/Set Off)

17. As this action arises from an employment relationship, Plaintiff's claims for mental or emotional distress are subject to the exclusive jurisdiction of the California Workers' Compensation Appeals Board. AMPCO also is entitled to a set-off of any recovery Plaintiff may receive and/or could have received from a Workers' Compensation action.

### EIGHTEENTH AFFIRMATIVE DEFENSE

### (No Extreme and Outrageous Conduct)

18. Plaintiff's claims for intentional and negligent infliction of emotional distress are barred because AMPCO's alleged conduct was not extreme and outrageous, and any actions taken were for legitimate business reasons.

### NINETEENTH AFFIRMATIVE DEFENSE

### (Concurrent or Alternate Causes of Emotional Distress)

19. To the extent Plaintiff suffered any symptoms of mental or emotional distress or injury, they were the result of a pre-existing psychological disorder or of alternate concurrent causes, and not the result of AMPCO's alleged conduct.

### TWENTIETH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

20. Plaintiff's failure to mitigate his alleged damages bars Plaintiff from recovery in this action, in whole or in part.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Attorneys' Fees)

21. Plaintiff's action is without merit, and pursuant to California Government Code section 12965(b) and California Labor Code section 218.5, AMPCO is entitled to recover its attorneys' fees incurred in defending this action.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

### (After-Acquired Evidence)

22. Plaintiff's Complaint, and each and every claim, is barred in whole or in part by the doctrine of after-acquired evidence.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Comparative Fault)

23. Any damages sustained by Plaintiff were either wholly or in part negligently caused by Plaintiff's own actions, inactions, or delay in acting, and said negligence comparatively reduces the percentage of negligence, if any, by AMPCO.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**(Contributory Negligence)**

24.     Plaintiff was careless and negligent with respect to the matters alleged in the Complaint, and such carelessness and negligence proximately caused or contributed to the happening of the events alleged in the Complaint and the loss and damage complained of, if any.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

**(Punitive Damages)**

25.     Plaintiff's Complaint, and each and every claim contained therein, fails to state facts sufficient to justify an award of punitive damages because (1) Plaintiff failed to plead facts sufficient to support the recovery of punitive damages; (2) AMPCO committed no acts justifying an award of punitive damages; (3) AMPCO had no advance knowledge of the unfitness of any of its employees; and (4) AMPCO did not supervise its employees with conscious disregard for the rights and safety of others.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

**(Absence of Malice)**

26.     AMPCO asserts that at all times its employees and agents acted without malice.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

**(Protection from Excessive Fines)**

27.     Plaintiff's Complaint, to the extent it seeks punitive or exemplary damages, violates AMPCO's rights to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution and in Article I, section 17, of the Constitution of the State of California, and violates AMPCO's rights to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and in the California Constitution and therefore fails to state a claim upon which punitive or exemplary damages may be awarded.

AMPCO SYSTEM PARKING'S ANSWER
TO PLAINTIFF'S COMPLAINT

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Reservation of Defenses)

28. Because the Complaint is couched in conclusory terms, AMPCO cannot anticipate all defenses which may be applicable to this action. Accordingly, the right to assert additional defenses, if and to the extent such defenses are applicable, is hereby reserved.

WHEREFORE, AMPCO prays as follows:

1. That Plaintiff takes nothing by way of the Complaint and that judgment be entered in favor of AMPCO;

2. That the Complaint be dismissed with prejudice;

3. That AMPCO be awarded its costs of suit, including reasonable attorneys' fees; and,

4. For such other relief as the Court deems just and proper.

Dated: November 30, 2007             VILLARREAL HUTNER PC


                                     By   /s/ *LARA VILLARREAL HUTNER*
                                          LARA VILLARREAL HUTNER
                                          Attorneys for Defendant
                                          AMPCO SYSTEM PARKING