VILLARREAL HUTNER PC
LARA VILLARREAL HUTNER, ESQ., Cal. Bar No. 178639
E-Mail: lhutner@vhattorneys.com
NANCY S . PAIK, ESQ., Cal. Bar No. 230654
E-Mail: npaik@vhattorneys.com
One Market Street, 35th Floor
San Francisco, California  94105
Telephone: 415.543.4200
Facsimile: 415.293.8517

Attorneys for Defendant
AMPCO SYSTEM PARKING

Plaintiff EMANNUEL P. CASTILLO
*PRO PER*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| EMMANUEL P. CASTILLO, an individual,<br><br>Plaintiff,<br><br>v.<br><br>AMPCO SYSTEM PARKING,<br><br>Defendant. | CASE NO. CV 07-05629 SI<br><br>**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER FRCP 26(f)**<br><br>Complaint Filed:    November 6, 2007 |

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Local Rule 16-9, and the Case Management Scheduling Order, the parties to the above-entitled action jointly submit this Case Management Statement and Proposed Order and request that the Court adopt it as the Case Management Order in this case.

I.  JURISDICTION AND SERVICE:

The jurisdiction of this Court is based upon the existence of a federal question and arises under Title VII of the Civil Rights Act of 1964. Jurisdiction is conferred on this Court by 42 U.S.C. 2000e-5.

Neither Plaintiff Emmanuel Castillo ("Plaintiff") nor Defendant AMPCO SYSTEM PARKING ("AMPCO") currently contends that there are any issues with respect to personal jurisdiction or venue.  AMPCO has been served.

II.  STATEMENT OF FACTS

**Plaintiff's Statement (drafted by Plaintiff):** When I started with Ampco Parking, on June of 2000, I was a floater.  For about a month of being employed part time, I came to find out that there is a facility supervisor open at Sutter/Stockton Garage.  I applied by submitting my resume.  Despite the competition somehow I have gotten the position.  I was trained and in probation for 90 days.

Facility manager at that time was Roger Briones, until the time of his passing on April 2002.  I have no Corrective Action Notice.

Mr. Enrico Paras, have replaced Mr. Briones. It's when it establishes my Corrective Action Notice.  I do believe that the treatment I have received from him was unfair.  The last Corrective Notice I have receive from him is on 02/14/05.  When I have advice him that what he was doing to me causes psychological distress and not promoting productive development.  I wonder of how was my performance from that day to 06/01/05.

Mr. William Chan made my transfer, but has not declared to me that I was actually demoted on 6/01/05.  I do believe from the documents which I have received from company lawyer is where he mainly concluded his decision.  When I receive the transfer notice dated back 5/29/05, which was Sunday in effect by 6/01/05.  The Corrective Action Notice establish from

6/19/02 through 2/14/05.

**AMPCO Statement:**

Plaintiff was hired by AMPCO in June 2000. Just a few months later, in September of 2000, Plaintiff was promoted to the Graveyard Supervisor, or Leadperson, position. The position required assisting the lot manager with the day-to-day operations of AMPCO's parking facility. And as a supervisory role, the position requirements specified good math skills, accurate accounting of revenues, and reliability. Plaintiff understood when he took the position the importance of cash handling. Nonetheless, in a three-year period starting in June 2002, Plaintiff made 16 reporting errors and was late to work 8 times. Plaintiff's continued errors and tardiness were documented extensively. Because of his poor job performance and his failure to meet the basic requirements of the position, he was demoted to a non-supervisory position, effective June 2005.

Plaintiff claims that AMPCO retaliated and discriminated against him based on his national origin: the Visayan region of the Philippines. Specifically, he claims that his supervisor Enrico Paras, who is from a different region of the Philippines, discriminated against Plaintiff based on his national origin. Plaintiff's claims are without any merit. Plaintiff committed numerous and repeated calculation and other paperwork errors, which he does not dispute.

Moreover, Mr. Paras was not the individual who made the decision to demote him: William Chang, the Operation Manager, made the decision to demote. Mr. Chang had no knowledge that Plaintiff was from any particular region of the Philippines. Further, although Plaintiff had extensive discussions with Mr. Chang before and after his demotion, Plaintiff never mentioned that he believed the demotion was because of any discriminatory bias based on his national origin.

In sum, Mr. Chang did not base his decision to demote Plaintiff on any discriminatory bias against him. Instead, he demoted Plaintiff because Plaintiff continued to make mistakes that compromised the Company, and he believed that Plaintiff would be better suited to another position with less responsibility.

**Disputed Facts:**

1. Whether Plaintiff has suffered any harm or was damaged in any way as a result of any alleged unlawful conduct by AMPCO, including but not limited to emotional harm or financial harm, including the amounts thereof.

2. Whether AMPCO treated other employees in a similar manner when they failed to perform their job duties satisfactorily.

3. Whether William Chang or Enrico Paras made the decision to demote Plaintiff.

4. Whether AMPCO took reasonable steps to prevent and correct discrimination, harassment, and retaliation.

## III. LEGAL ISSUES

1. Whether Plaintiff was discriminated against or harassed based on his national origin.

2. Whether AMPCO had a genuine and good-faith belief that Plaintiff made mistakes and continued to make such mistakes that compromised the company, and that Plaintiff would be better suited to another position with less responsibility in deciding to demote Plaintiff to a non-supervisory role.

3. Whether or not any of AMPCO's actions were done intentionally to harm Plaintiff.

4. Whether or not Plaintiff's Complaint states facts sufficient to state a claim on which relief may be granted as to each of his individual causes of action.

5. Whether Plaintiff can show injuries sufficient to support a claim for emotional distress damages.

6. Whether AMPCO is liable to Plaintiff for any of the conduct alleged by him.

7. Whether the factual allegations of Plaintiff's complaint are supported by competent evidence.

8. Whether Plaintiff exhausted his administrative remedies.

9. Whether Plaintiff exhausted the grievance procedure set forth in his collective bargaining agreement.

## IV. MOTIONS:

AMPCO anticipates filing a motion for summary judgment, or alternatively, for partial summary judgment. In addition, if necessitated by Plaintiff's responses, AMPCO will file motions to compel Plaintiff's answers to discovery. AMPCO anticipates filing pre-trial motions including, but not limited to, motions in limine.

Plaintiff is unsure at this time if he will be filing any motions.

## V. AMENDMENT OF PLEADINGS:

Plaintiff does not intend to amend his complaint at this time. If at any time, Plaintiff amends his complaint, Ampco will file amended answers.

## VI. EVIDENCE PRESERVATION:

Plaintiff certifies that he has limited documents relevant to the issues in this matter but has taken and will continue to take all reasonable steps to preserve and produce them in his initial disclosure to AMPCO. AMPCO certifies that it has taken all reasonable steps to preserve evidence relevant to the issues reasonably evident in this action.

## VII. DISCLOSURES:

The parties certify that initial disclosures have been exchanged in this matter on February 5th and 6th, 2008.

## VIII. DISCOVERY:

To date, no party has conducted any discovery other than initial disclosures as set forth immediately above. Further, the parties respectively request the following discovery plan:

 a.   Non-Expert Depositions: Up to 5 per side.

 b.   Special Interrogatories: Up to 25 per side pursuant to Federal Rule of Civil Procedure 33(a).

 c.   Documents Requests: No limit.

 d.   Requests for Admission: No limit.

**IX.  CLASS ACTIONS:**

Not applicable.

**X.  RELATED CASES:**

Both parties certify that, at the time this Case Management Statement is filed, there are no related cases or proceedings before another judge of this court, or before another court or administrative body.

**I.  RELIEF:**

Plaintiff seeks the following relief in this matter:

1.  Lost income and benefits of at least $47,228. Plaintiff was demoted in June 2005, and continues to be employed at AMPCO. Plaintiff is currently making $1.90 more an hour than prior to his demotion. Also, his employee benefits have remained the same. The calculation of his lost income and benefits will be based on his earnings and benefits while employed with AMPCO and present earnings.

2.  Plaintiff also seeks damages for emotional distress. Plaintiff is unsure at this time the measure of such damages. He has not sought treatment for his alleged emotional distress.

3.  Plaintiff has not yet retained counsel in this case, and at this time, is a *pro per* plaintiff. He has requested assistance from the Court in obtaining counsel.

AMPCO denies that Plaintiff was damaged or injured at all, or that it engaged in any unlawful or inappropriate conduct; therefore, Plaintiff is entitled to no relief in this matter. In addition, AMPCO will seek reasonable attorneys' fees and costs if it is the prevailing party.

**XI.  SETTLEMENT AND ADR:**

AMPCO has attempted to engage in settlement discussions; however, they were not fruitful. The parties were unable to agree on an ADR process as required by Local Rule 3-5; therefore, per their filing on January 25, 2008, the parties requested an ADR Phone Conference to decide on an ADR process. The ADR Phone Conference is currently set for February 12, 2008.

**XII.  CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES:**

Plaintiff is unsure at this time whether he consents to proceed before a Magistrate Judge;

AMPCO declines to consent to a Magistrate Judge for all purposes.

**XIII.  OTHER REFERENCES:**

The case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**XIV.  NARROWING OF ISSUES:**

At this time, the parties are unable to narrow the issues by agreement or by motion.

**XV.  EXPEDITED SCHEDULE:**

Neither party believes this case can be handled on an expedited basis.

**XVI.  SCHEDULING:**

    a.    Deadline for serving discovery (excluding expert witness discovery):

        Plaintiff:  Unsure at this time

        Defendant:  _____ (30 days before trial)

    b.    Designation of expert witnesses:

        Plaintiff:  Unsure at this time

        Defendant:  _____ (90 days before trial)

    c.    Last day for dispositive motions to be heard:

        Plaintiff:  Unsure at this time

        Defendant:  _____(8 weeks before trial)

    d.    Pretrial conference date:

        _____ at ____p.m. (2 weeks before trial)

    e.    Trial date: _____.

**XVII.  TRIAL:**

Plaintiff has requested a trial by jury.  At present, Plaintiff is unsure of the length of trial.  AMPCO anticipates the trial will last no more than 3 days.

**XVIII.  DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS:**

AMPCO has filed its Certification of Interested Entities or Persons.  Plaintiff has not.

Pursuant to Civil L.R. 3-16, the undersigned certifies that following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or

1  other entities (i) have a financial interest in the subject matter in controversy or in a party to the
2  proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be
3  substantially affected by the outcome of this proceeding:
4      Plaintiff:    Unsure at this time
5      Defendant:    1.    AMPCO; and
6          2.    ABM Industries Incorporated, a Delaware Corporation, of which
7      Defendant AMPCO is a wholly-owned subsidiary.

**XIX.  MISCELLANEOUS ISSUES:**

None at this time.

Dated: February 8, 2008    VILLARREAL HUTNER PC

By    */s/ LARA VILLARREAL HUTNER*
    LARA VILLARREAL HUTNER, ESQ.

Attorneys for Defendant
AMPCO SYSTEM PARKING

Dated: February 8, 2008

By    */s/ EMMANUEL P. CASTILLO*
    EMANNUEL P. CASTILLO

*PRO PER* PLAINTIFF